MIGUEL ARZUAGA SORAVILLA'

*v.*

MANUEL RODRIGUEZ LARA.

San Juan Equity, No. 137,

and

MANUEL RODRIGUEZ LARA

*v.*

MIGUEL ARZUAGA SORAVILLA.

Equity, No. 225.

---

1. Upon a proper showing of merits the court will allow defendant in a decree *pro confesso*, after two years, to file a bill of review, and will set aside the decree.
2. Negligence of attorney and the confusion following American occupation of Porto Rico may be considered in that connection.

Order filed April 6, 1907.

---

*Thomas D. Mott, Jr., Esq.,* solicitor for plaintiff.

*Messrs. Dexter & Hord,* solicitors for defendant.

Order by RODEY, Judge.

Number 137, above, is a bill to quiet title. It was filed seven

Soravilla v. Lara.

and a half years ago, in September, 1901. It is one of the oldest cases now pending in this court. During the fall of that year service was duly had on the respondent. For failure to appear a decree *pro confesso* was thereafter duly taken and entered, and thereafter a final decree was had. Something like two years later, in the fall of 1903, the respondent, Manuel Rodriguez Lara, by his counsel, Messrs. Dexter and Hord, came into court and tendered a bill for review, together with a petition asking leave to file the same. The proceeding as thus commenced was given No. 225, as above.

The bill thus tendered alleges the surprise of the complanant therein at learning a decree had been entered against him in this court some two years before, and sets out at length the fact that he employed a lawyer, one Ramón Nadal Santa Coloma, to defend the suit against him, and that for some reason his lawyer not only neglected to attend to the matter, but wholly deceived him about it by informing him that the case was receiving proper attention, and that he only recently before learned of the entry of the decree. The bill further sets out many reasons why the bill for review ought to be permitted to be filed.

Counsel for plaintiff in the first suit resisted this effort to file the bill for review, contending that the decree had been properly and regularly entered, and alleging many reasons why it ought not to be disturbed. Counsel for both sides prepared and filed briefs on the subject, and it seems that oral argument was shortly thereafter had before a previous incumbent of this bench. We are unable to say why previous judges failed to consider this matter and permitted it to drag along through all these years without disposing of it.

We have examined the original bill, which is a plain suit in equity, formally drawn, to quiet title to some 200 cuerdas of

land, worth, at that time, as is alleged, about $5,000, and which, of course, would probably now be worth $25,000. It cannot be ascertained from this formal bill what complainant's title to the land is based upon. He merely asserts that he is in possession of it, and is the owner of it, and that the defendant, Manuel Rodriguez Lara, makes some claim against it, etc. The court, it seems, required no proof at the time of the entry of of the decree, but entered it as a matter of course. Neither does the bill for review set out what title this man Manuel Rodriguez Lara has, if any, to the property. It is deficient in this particular.

We have examined the subject with a good deal of care and have concluded as follows: It is a serious thing to deprive a man of his property in this informal way, if he really owns or has any right to it. In those early days of American occupation on the island, the natives, in the nature of things, did not understand our practice or procedure. It transpires that this lawyer the defendant hired was not even a practitioner in this court, and it may well have been that he was in fact guilty of neglect in the premises, and deceived him after receiving a fee to attend to the matter, as alleged. Further, we are of opinion that there is not much merit in the many other points made for setting aside the decree, and cannot, without a showing, ascertain what merit there may be in the claims of defendant.

Therefore complainant in this bill of review will be permitted to make a showing by affidavit within thirty days, as to what his alleged title to the land in question really is, and if the court is then of opinion, after hearing the same, that he really has a meritorious defense to the original suit against him, such further action in the premises will be permitted as the court may deem proper, and it is so ordered.